# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SUZANNE STEINBACH, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:19-cv-04176-NKL |
| ) | |
| MAXION WHEELS SEDALIA LLC, ) | |
| Defendant. ) | |

## DEFENDANT MAXION WHEELS SEDALIA LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Maxion Wheels Sedalia Inc. ("Defendant") hereby answers or otherwise responds to Plaintiff's Complaint filed on July 22, 2018 as follows:

### PARTIES

1. Defendant admits only that Plaintiff is a female and that Plaintiff is a resident of Illinois. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits only that it is a Delaware cooperation and that it operates a facility at 3610 W. Main Street in Sedalia, Pettis County, Missouri, at which Plaintiff worked. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

   a. Defendant is without knowledge or information sufficient to form a belief as to the meaning of the phrase "all times relevant" and, therefore denies that allegation. Defendant admits that it was an employer under the Missouri Human Rights Act, R.S.Mo. § 213.010(8), during Plaintiff's employment. Defendant denies any remaining allegations in paragraph 2.a of the Complaint.

   b. Defendant admits paragraph 2.b. of the Complaint.

## JURISDICTION AND VENUE

3. Defendant admits only that Plaintiff purports to assert claims under the Missouri Human Rights Act, § 213.010, *et seq.* against Defendant. Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits only that personal jurisdiction exists, and denies the remaining allegations in paragraph 4 of the Complaint. Defendant removed this case to this Court.

5. Defendant admits only that venue is proper in this Court, but denies the remaining allegations in paragraph 5 of the Complaint. Defendant removed this case to this Court.

6. Defendant admits only that Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights, Case No. E-10/18-50181, and that the MCHR issued Plaintiff a Notice of Right to Sue on or about April 24, 2019. Defendant denies the remaining allegations of paragraph 6 of the Complaint.

7. Defendant admits only that this action was filed within 90 days of April 24, 2019. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant states that paragraph 8 is vague and ambiguous, and contains conclusions of law as to which no response is required. To the extent that a response is required, Defendant denies paragraph 8 of the Complaint.

## RETALIATION

9. Defendant admits paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to an unidentified "supervisor," and an unidentified "male co-employee," and therefore, denies paragraph 10 of the Complaint.

11. Defendant admits only that Plaintiff verbally complained to Human Resources Manager Theresa Patton on September 27, 2017 and provided Patton with a written statement on October 2, 2017. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12. Defendant is without knowledge or sufficient information sufficient to form a belief as to the truth of the allegations in paragraph 12 due to lack of specificity and, therefore, denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits paragraph 13 of the Complaint.

14. Defendant admits only that Plaintiff filed Charge No. E-02/18-49094 with the MCHR, the contents of which speak for itself. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant admits only that from February 1, 2018 through June 5, 2018, Plaintiff took a medical leave of absence. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore, denies the remaining allegations of paragraph 15 of the Complaint.

16. Defendant admits only that Plaintiff returned to work on June 6, 2018 with a full return-to-work release from her doctor. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies paragraph 17 of the Complaint.

18. Defendant admits only that Plaintiff left work after June 13, 2018. Defendant is without knowledge or information sufficient to form a belief as to the meaning or truth of the remaining allegations in paragraph 18 of the Complaint, and therefore, denies the remaining allegations of paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the meaning or truth of the allegations in paragraph 19 of the Complaint, and therefore, denies paragraph 19.

20. Defendant denies paragraph 20 of the Complaint.

21. Defendant admits only that Defendant communicated to Plaintiff in a letter that her employment was terminated effective August 30, 2018. Defendant denies the remaining allegations of paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the meaning or truth of the allegations in paragraph 22 of the Complaint, and therefore, denies paragraph 22.

23. Defendant denies paragraph 23 of the Complaint.

24. Defendant denies paragraph 24 of the Complaint.

25. Defendant denies paragraph 25 of the Complaint.

26. Defendant denies paragraph 26 of the Complaint.

27. Defendant denies paragraph 27 of the Complaint.

28. Defendant denies paragraph 28 of the Complaint.

## PRAYERS FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in the various prayers for relief set forth in unnumbered paragraphs of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant denies each and every allegation, count, claim, and prayer of Plaintiff's Complaint which is not expressly and specifically admitted in this Answer.

2. Plaintiff is not entitled to the relief requested as a matter of fact and/or law.

3. Plaintiff's claims are barred because her Complaint fails to state a claim against

Defendant upon which relief can be granted. Defendant incorporates its factual statements in the remainder of these common and affirmative defenses as if fully set forth in this paragraph.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all statutory, jurisdictional, timeliness, and/or procedural requirements under the Missouri Human Rights Act, in that Plaintiff failed to exhaust her administrative remedies to the extent she now seeks to assert claims and bring suit against parties exceeding the scope of the allegations contained in her Charge of Discrimination.

5. Plaintiff's claims are barred, in whole or in part, to the extent that they arise from or include conduct outside the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, because any employment decisions made by Defendant were not based on any protected characteristic or any protected activity, but were made for independent, legitimate, non-discriminatory and non-retaliatory business reasons.

7. Plaintiff's claims are barred, in whole or in part, because Defendant made available to Plaintiff adequate reporting procedures and other measures designed to prevent and/or address any discriminatory or harassing conduct (the existence of which Defendant expressly denies), to the extent that Plaintiff failed to avail herself of any such procedures or other measures.

8. Plaintiff's claims for damages for alleged emotional distress, loss of enjoyment of rights, mental anguish or physical injuries or illnesses are barred, in whole or in part, because the Missouri Workers' Compensation Law provides the exclusive remedy for work-related injuries.

9. Plaintiff's claims for damages are barred, in whole or in part, because any psychological problems or emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendant.

10. Plaintiff's claims for damages are barred, in whole or in part, because Defendant exercised reasonable care and acted in good faith in its efforts to comply with applicable laws prohibiting harassment, discrimination and retaliation in employment.

11. Plaintiff's claims for damages are barred, in whole or in part, because any actions taken by Defendant were taken entirely without malice and with the good-faith belief that the actions were in compliance with the applicable laws at all times.

12. Plaintiff's claims for damages are barred, in whole or in part, to the extent any alleged damages exceed the statutory damages caps set forth in the Missouri Human Rights Act, Section 213.111, RSMo.

13. Plaintiff's claim for punitive damages are barred by the Missouri and United States Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's rights to due process of law, to equal protection of law, to the right to be free from unlawful taking of property, to the right to be free of excessive fines, and to all other substantive and procedural protections of the Constitution applicable to punitive damages.

14. Defendant reserves the right to assert each and every other affirmative defense which is identified during further proceedings.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Maxion Wheels Sedalia LLC prays that the Court enter judgment in its favor, for its costs, for its reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *J. Randall Coffey*
J. Randall Coffey    MO Bar No. 35070
Samantha J. Monsees    MO Bar No. 65545
FISHER & PHILLIPS LLP
4900 Main Street, Suite 650
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: rcoffey@fisherphillips.com
Email: smonsees@fisherphillips.com

ATTORNEYS FOR DEFENDANT
MAXION WHEELS SEDALIA LLC

# CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of August 2019, a true and correct copy of the above and foregoing was filed using the Court's CM/ECF System, which will automatically send notice of the filing to the following:

    Kirk Rahm
    Gayle McVay
    Cristina Olson
    RAHM, RAHM & MCVAY, P.C.
    511 Foster Lane
    Warrensburg, MO 64093
    Phone: 660.747.5152
    Facsimile: 660.747.1242
    Email: office@rahmlaw.com

*Attorneys for Plaintiff Suzanne Steinbach*

/s/ *J. Randall Coffey*
Attorney for Defendant