# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SUZANNE STEINBACH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-04176-CV-C-NKL |
| MAXION WHEELS SEDALIA LLC, | ) ) ) |
| Defendant. | ) |

## PROPOSED DISCOVERY PLAN AND
## PROPOSED SCHEDULING AND JURY TRIAL ORDER

Counsel for the Parties conferred via telephone pursuant to Rule 26(f). Based on that meeting and pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rules 16.1(d), 16.1(f), 26.1(c), and 26.1(d), the parties submit the following proposed discovery plan and proposed scheduling and jury trial order:

## PROPOSED DISCOVERY PLAN

The Parties jointly submit the following Discovery Plan:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

> **The Parties do not propose changes. The Parties have exchanged their initial disclosures. No discovery has been conducted to date in this case, although written discovery on the subjects in this case is currently underway in a precursor case involving the same parties that is pending in the Pettis County, Missouri, Circuit Court (18PT-CC00253).**

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

> **The Parties will need discovery on the subjects of the allegations in Plaintiff's Complaint, including Plaintiff's claim of retaliation, Plaintiff's reports to her employer, Plaintiff's discharge from employment, the Plaintiff's medical leave, the Plaintiff's medical condition and ability to return to work, the Plaintiff's job responsibilities, the Plaintiff's claims for damages, whether the actions described in the pleadings were part of any alleged pattern or practice, the actions or inactions of Defendant relating to those subjects described by the pleadings; and Defendant's defenses to Plaintiff's Complaint.**
>
> **The Parties propose herein that discovery should be completed by March 10, 2020.**
>
> **The Parties do not propose that discovery should be conducted in phases, limited, or focused on particular issues.**
>
> **The Parties propose that they may reach an agreement to use relevant discovery obtained in the case that is pending in the Pettis County, Missouri, Circuit Court (18PT-CC00253)in this case.**

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

> **The Parties do not anticipate disputes about these issues.**
>
> **The Parties have requested that any recordings of Plaintiff, agents of Defendant, or of the Defendant's plant in Sedalia, Missouri, be preserved.**

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of

Evidence 502;

**The Parties do not anticipate disputes about these issues.**

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**The Parties do not anticipate that changes should be made.**

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**The Parties expect to request a stipulated protective order regarding confidential information to be exchanged in discovery.**

**PROPOSED SCHEDULING AND JURY TRIAL ORDER**

    *A.    TRIAL SETTING:*

    1. **[It is proposed that the case may be tried at any time after August 1, 2020. It is estimated that the parties will need five days to try the action.]** This case is set for trial on the jury docket commencing at _____ in the United States Courthouse, 80 Lafayette Street, Jefferson City, Missouri. This is a _____ docket and the case may be tried at any time between _____. The list of cases to be tried will be sent to the parties approximately six - eight weeks in advance of that docket. The parties shall stay in touch with my courtroom deputy, Renea Kanies (816-512-5689) to determine when their case will be reached for trial.

    2.    All documents filed within seven (7) days prior to trial will be faxed, mailed or otherwise delivered to both Chambers and opposing counsel by means calculated to effect delivery prior to the day of trial.

    3.    Unless requested within fourteen (14) days from the date of this Order, no continuance of the trial date or the pretrial conference date will be given except upon written notice and for exceptional cause.

    *B.    PLEADINGS:*

1. Any motion to join additional parties will be filed on or before **October 31, 2019**

2. Any motion to amend the pleadings will be filed on or before **October 31, 2019**

*C.*   *DISCOVERY:*

1. Absent extraordinary circumstances, all discovery motions will be filed on or before **February 10, 2020.** *See* Local Rule 37.1 for procedures that must be followed before filing a discovery motion. The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. In the event that a teleconference is needed, my courtroom deputy may be reached at (816) 512-5689. All teleconference requests should be directed to her. Each party to the dispute shall fax a description of the discovery dispute, **not to exceed one page in length**, to the Court at (573) 636-5108, and to opposing counsel at least 24 hours before the teleconference.

2. Expert designations and depositions will be as follows:

    a. On or before **October 31, 2019**, the Plaintiff will designate any expert witnesses it intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

    b. On or before **November 22, 2019**, the Defendant will designate any expert witnesses it intends to call at trial. This includes any person who may present evidence under Rules 702, 703, or 705 of the Federal Rules of Civil Procedure.

    c. On or before **December 20, 2019**, all depositions of expert witnesses will be completed.

3. All pretrial discovery authorized by the Federal Rules of Civil Procedure will be completed on or before **March 10, 2020**. This means that all discovery disputes must be resolved and all depositions taken prior to the date specified in this paragraph.

*D.*   *DISPOSITIVE MOTIONS:* All dispositive motions, except those under

Rule 12(h)(2) or (3), will be filed on or before **April 17, 2020**. All summary judgment motions will comply with Local Rule 56.1.

E. *UNDERLINE_EXTENSION OF TIME:*

1. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

    a. The date when the pleading, response or other action is/was first due;

    b. The number of previous extensions and the date the last extension expires;

    c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

    d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

2. Unless requested within fourteen (14) days from the date of this Order, no continuance of the trial date or the pretrial conference date will be given except upon written notice and for exceptional cause.

F. *PRETRIAL CONFERENCES:*

1. An initial pretrial conference in this case will be held on _____, at in Judge Laughrey's chambers, 80 Lafayette Street, Jefferson City, Missouri. Lead trial counsel will participate in this conference. Prior to the initial pretrial conference, counsel for all parties shall meet, prepare and sign a Memo on Pretrial Conference. The Memo on Pretrial Conference must be filed electronically by 5:00 p.m. on _____. All parties are responsible for the preparation of the Memo on Pretrial Conference and shall jointly complete this Memo.

2. A final pretrial conference will be held one-half (½) hour before the trial in Judge Laughrey's chambers, 80 Lafayette Street, Jefferson City, Missouri.

G. *WITNESS LIST:*. If a witness is not listed by a party in the Memo on

Pretrial Conference, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or unanticipated impeachment.

   H. *__EXHIBITS__*: Pursuant to Local Rule 39.1, at least three (3) days prior to the date the pretrial conference is to be held, each party will file and serve a list of all exhibits which may be offered at trial. **The parties shall <u>additionally</u> prepare and provide to the courtroom deputy, the morning of trial, an Exhibit Index, with said index being prepared on a form provided by the Clerk's Office**.

   1. *__Exhibit List:__* Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed in the Memo on Pretrial Conference.

   2. *__Marking:__* Plaintiff and Defendant shall use numbers, designating who is offering the exhibit (P1 for Plaintiff's Exhibit 1, D1 for Defendant's Exhibit 1, J1 for Joint Exhibits, etc.). Each item, i.e., each photograph, each document, must have its own exhibit number. All exhibits shall be marked by the parties prior to trial.

   3. *__Copy of exhibits for Court.__* At the time an exhibit is used during trial, the party who first uses the exhibit must provide a copy of the exhibit to the Courts.

   I. *__REQUESTED VOIR DIRE QUESTIONS__*: Requested voir dire questions are to be <u>filed</u> at the time of the initial pretrial conference. A courtesy copy of the proposed voir dire questions shall be provided at the time of the initial pretrial conference. In addition, a copy shall be e-mailed to my assistant at *Fran.Smith@mow.uscourts.gov* (in Word Perfect or compatible software format).

   J. *__JURY STATEMENT__*: The parties are directed to agree upon a statement to be read to the jury setting forth the background of this case and the claims being asserted.

This statement will be read to the jury panel prior to the voir dire. The jury statement must be filed electronically and shall be submitted to the court at the time of the initial pretrial conference.

### K.  *INSTRUCTIONS*:

1.  *Requested Jury Instructions*: Proposed jury instructions shall be submitted at the time of the initial pretrial conference in the following form:

   a.  **The parties shall meet (by telephone or in person) and confer to assist in filing an agreed upon, single, unified (meaning one) set of proposed jury instructions.** Agreed upon instructions shall include the following notation at the bottom of the proposed instructions: "This proposed instruction is agreed upon by the parties." If a party proposes an instruction that is not agreed upon, the proposed instruction shall indicate which party is proffering the instruction. Proposed instructions by opposing parties on the same subject matter shall be grouped together. (For example, if each party proposed a different preponderance of the evidence instruction, Instruction No. 10A would be the Plaintiff's proffered preponderance of the evidence instruction and Instruction No. 10B would be the Defendants' proffered preponderance of the evidence instruction.) Each instruction shall be numbered individually and each instruction shall begin on a separate sheet of paper.

   b.  At the bottom of each instruction, the party advancing the instruction shall set forth the citation of the patterned instruction, decision, statute, regulation or other authorities supporting the proposition stated in the proposed instruction.

   c.  Any modification of a pattern instruction shall be disclosed.

   d.  Plaintiff's counsel shall be responsible for initiating the instruction meeting with defense counsel, for making arrangements to obtain defense counsel's proposed instructions should the parties not agree, and for filing the unified set of proposed instructions at the initial pretrial conference. A courtesy copy of the instructions (both a hard copy and on a 3.5" computer disk in WordPerfect 9.0 or compatible software format) shall be provided at the time of the initial pretrial conference.

   e.  Instructions not requested as set forth above and not filed at

the time of the initial pretrial conference shall be deemed to have been not properly requested within the meaning of Fed. R. Civ. P. 51, ***and shall be deemed waived*** unless the subject of the request is one arising in the course of trial which could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the case.

*L.* *MOTIONS IN LIMINE*: Motions in limine must be filed at least ***ten (10) days*** prior to the initial pretrial conference. Responses to any motions in limine must be filed at least ***three (3) days*** prior to the initial pretrial conference.

*M.* *TESTIMONY BY DEPOSITION*:

1. ***Deposition Designations:*** On or before _____, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

***2.*** ***Objections to Deposition Designations and Counter Designations:*** On or before _____, each party shall file and serve:

a. Any objections to proposed deposition testimony designated by any other party;

b. A designation, by page and line number, of any proposed deposition testimony to be offered as cross-examination to deposition testimony designated by other parties.

3. ***Objections to Counter Designations***: On or before _____, each party shall file and serve objections to proposed deposition testimony to be offered as cross-examination.

*N.* *SETTLEMENT DEADLINE*: Unless otherwise ordered, the court hereby imposes a settlement deadline of ***12:00 Noon on day before trial***. If the case is settled after that date, the court may enter an order to show cause why certain costs should not be imposed on the party or parties causing the delay in settlement.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| /s/ Kirk Rahm | /s/ Samantha Monsees |
| Kirk Rahm    MO Bar No. 22530 | J. Randall Coffey    MO Bar No. 35070 |
| RAHM, RAHM & MCVAY, P.C. | Samantha Monsees  MO Bar No. 65545 |
| 511 Foster Lane | FISHER & PHILLIPS LLP |
| Warrensburg, MO 64093 | 4900 Main Street, Suite 650 |
| Tel: 660-747-5152 | Kansas City, MO 64112 |
| Fax: 660-747-1242 | Tel: 816-842-8770 |
| email: office@rahmlaw.com | Fax: 816-842-8768 |
| | email: jcoffey@fisherphillips.com |
| | email: smonsees@fisherphillips.com |
| ATTORNEYS FOR PLAINTIFF | |
| SUZANNE STEINBACH | ATTORNEYS FOR DEFENDANT |
| | MAXION WHEELS SEDALIA LLC |