**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| SUZANNE STEINBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-04176-CV-C-NKL |
| | ) | |
| MAXION WHEELS SEDALIA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's First Fed. R. Civ. P. 30(b)(6) and 30(b)(2) Notice of Deposition of
Designated Representative of Defendant Maxion Wheels Sedalia LLC**

Please take notice, that pursuant to Fed. R. Civ. P. 30(b)(6) and 30(b)(2) the stenographic

and video-recorded deposition of Defendant Maxion Wheels Sedalia LLC, hereinafter also

referred to as Maxion Wheels, will be taken before a qualified Notary Public at the law offices of

Rahm, Rahm & McVay, P.C., 511 Foster Lane, Warrensburg, MO  64093, on February 13, 2020,

at 9:00 a.m., and thereafter by adjournment until the same shall be completed; or on such other

location, date and time as the parties are able to agree upon, or as the Court may order.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate and fully prepare

one or more officers, directors, managing agents or other persons who consent to testify on

behalf of Defendant and whom Defendant will fully prepare to testify regarding all information

that is known or reasonably available to Defendant's organization regarding the following

designated matters:

# MATTERS OF EXAMINATION

1. For the timeframe of January 1, 2018, until December 31, 2018, description of the training and/or guidance given by Maxion Wheels to its managers and/or HR department to prevent retaliation against someone who makes a report of discrimination or harassment and the identification of all documents that were used in that time frame to provide training and/or guidance to prevent such retaliation.

2. In the timeframe of June 1-30, 2018, as to any wheels cut on the afternoon shift that needed to be repaired by a welder,
   (a) Identification and description of records Maxion Wheels created and/or maintained regarding the quantity of wheels needing repair, and Maxion Wheels' interpretation of the meaning of said records
   (b) To whom Maxion Wheels delegated responsibility for making those repairs.
   (c) The reasons Maxion Wheels decided to delegate responsibility for making those as they were delegated.

3. In the timeframe of September 2017-September 2018, regarding the task of "spearing on and spearing off,"
   (a) Identification of records, and Maxion Wheels' interpretation of the meaning of said records, that Maxion Wheels created or maintained regarding the quantity of wheels that underwent this process.
   (b) To whom Maxion Wheels delegated this task.
   (c) The reasons why Maxion Wheels decided to delegate this task in the manner(s) it did.
   (d) Who at Maxion Wheels decided to delegate the task in the manner(s) it was delegated.

4. In the timeframe of June 1-30, 2018, regarding the task of "spearing on and spearing off,"
   (a) Identification of records, and Maxion Wheels' interpretation of the meaning of said records, that Maxion Wheels created or maintained regarding why wheels needed to be speared on and speared off rather than sent directly to the finishing department.
   (b) Identification of how many people (including temps and employees) were working in the finishing department in the afternoon shift of each day.
   (c) Identification of how many temps were working in the finishing department in the afternoon shift of each day.
   (d) Identification of how many finishing associates were working in the finishing department in the afternoon shift of each day.

5. Explanation of how Maxion Wheels used/uses the form(s) that begins with the page titled "Employee Classification Profile," (e.g., MAXION WHEELS 000093-118).

6. Explanation of how Maxion Wheels used/uses the training matrix that was available to managers and supervisors of the Sedalia facility of Maxion Wheels. This is meant to include what is referenced in the transcript of Ms. Steinbach's deposition on page 121: "Q. Were you aware that there was a training matrix that was available to the supervisors and managers that let them know who had been trained on what things at the plant?"

7. The communications between Maxion Wheels and Dr. Ellefsen in February 1, 2018-August 30, 2018, about Suzanne Steinbach. This topic is meant to include without limitation the participants to the communications, the times/dates of the communications, the length of the communications, and any non-privileged documents reflecting the existence of the communications.

8. Which production lines at the Sedalia manufacturing facility were running on the afternoon shift of each day in the period of June 1-30, 2018.

9. Explanation of the denial to ¶ 20 of the Petition/Complaint, which reads "Whenever Plaintiff was on medical leave from work as an employee of Defendant, Plaintiff was exhausting her leave rights under the Defendant's medical leave policy."

10. Explanation of the reporting procedures available to an employee of Defendant who believes that he or she is experiencing illegal retaliation. This topic is meant to include without limitation the policies in the September 2014 Employee Handbook at [MAXION WHEELS 000823-825].

11. The existence of the documents and/or electronically stored data requested in this notice and/or separately requested by Plaintiff pursuant to Fed. R. Civ. P. 34.

12. Any and all document and/or electronically stored data retention/destruction policies that relate to any of the documents requested in this notice and/or separately requested by Plaintiff pursuant to Fed. R. Civ. P. 34.

13. The organization, indexing and/or filing of the documents and/or electronically stored data requested in this notice and/or separately requested by Plaintiff pursuant to Fed. R. Civ. P. 34.

14. The method of search for the documents and/or electronically stored data requested in this notice and/or separately requested by Plaintiff pursuant to Fed. R. Civ. P. 34.

15. The completeness of the documents and/or electronically stored data produced pursuant to Fed. R. Civ. P. 34.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), Plaintiff requests that

Defendant's designee, responsive to this deposition notice, produce, at the time of the deposition,

the documents identified in the schedule of documents contained in this deposition notice.

### Schedule of Documents to be Produced at the Time of Deposition

1. The Defendant's business records, including electronic data records, relied upon by Defendant's designated representative in answering questions pursuant to this deposition notice.

**RAHM, RAHM & McVAY, P.C.**

BY   /s/ Kirk Rahm
    KIRK RAHM        #22530
    511 Foster Lane
    Warrensburg, MO  64093
    Phone: (660) 747-5152
  Fax: (660) 747-1242
  Email:  office@rahmlaw.com
**ATTORNEY FOR PLAINTIFF**

## Certificate of Service

I hereby certify that on the 10th day of December 2020, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted

/s/ Kirk Rahm
Attorney for Plaintiff