# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| SUZANNE STEINBACK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 19-04176-CV-C-NKL |
| MAXION WHEELS SEDALIA LLC, ) | |
| ) | September 3, 2020 |
| Defendant. ) | |

## MINUTE ENTRY  -  PRETRIAL CONFERENCE

HONORABLE Nanette K. Laughrey presiding at Jefferson City, Missouri.
======================================================================
Time:   11:00 a.m. – 1:03 p.m.

**Appearances:**

Plaintiff by: Kirk Rahm and Martin Meyers
Defendant by: James Sullivan and Randall Coffey

Pretrial Conference held by teleconference.

**Procedural Issues:**

The Court informed the parties that there are two cases set on the September 14, 2020 trial docket.  The Campbell v. Lake Regional Medical, 19-04124-CV, will be set the first week of the docket, September 14, 2020, and this case will be set on the second week of the docket, September 21, 2020.

A final pretrial conference will be held at 8:30 a.m. on September 21, 2020. Due to COVID-19, jury selection will be held in one courtroom on the 4th Floor of the courthouse and the trial will be held in another courtroom on the 4th floor. Everyone will be required to wear masks when in the courthouse, except for the witness when testifying.  Bench conferences will be held with everyone remaining at their seats and utilizing headsets.  Jury selection will begin at approximately 9:00 a.m.  Trial will be held between 9:00 a.m. and 5:00 p.m., approximately, with a morning, lunch and afternoon break.

The Court will select 7 jurors.  The Court will conduct voir dire.  Each party will be allowed 3 peremptory challenges.

Each side will be allowed 30 minutes for opening statements. No exhibits may be used during opening statements without the agreement of the other side.   If an exhibit is identified as an "A" exhibit, it can be used in opening statements.

No speaking objections or arguments shall be made in front of the jurors.   The parties shall limit objections to the basis only (e.g., hearsay, asked and answered).   If the Court needs more information, the Court will invite the parties to present argument outside the hearing of the jury.

At the close of each trial day, counsel for each party must notify opposing counsel of the witnesses that party plans to call the following day.

The parties stated they will be using deposition designations at trial.   If a party plans to use deposition designations at trial, the party shall provide to the Court a copy of the deposition 24 hours before the party plans to use it.   The deposition designations shall be highlighted in one color, with objections in a different color, counter designations in a third color, and objections to counter designations in a fourth color.   The Parties should state the basis for any objections.

**Motions in limine:**

If circumstances change during trial, a party may request a bench conference to point out the circumstances that would change the Court's ruling on any motions in limine and ask for permission to offer evidence that had been ordered excluded. Otherwise, excluded evidence may not be referenced.   If a motion in limine is denied, the party must still object at trial to preserve that objection.

> **Plaintiff's motions in limine, Doc. 49 and 50**:
>
> 1. The fact or timing of Plaintiff's Contacting or Retaining an Attorney. The Court granted the motion.
>
> 2. Plaintiff's state court interrogatory answer regarding the amount of damages she is seeking. The Court granted the motion.
>
> 3. Plaintiff's ongoing Workers' Compensation case against Defendant. The Court granted the motion.
>
> 4. Plaintiff's application for SSDI and receipt of disability payments from The Hartford. The Court took the issue under advisement
>
> 5. The other discrimination lawsuit pending between the parties. The Court took the motion under advisement and will give the parties an opportunity to work this issue out. The Court will hold a teleconference at 2:00 PM on September 9, 2020 to discuss the issue if the parties have not worked it out.
>
> 6. Drug use by Plaintiff away from work during any timeframe, including the timeframe of her employment. The Court granted the motion.

7. Plaintiff' Membership or participation in adult online communities, commentary about Plaintiff's physical appearance or sex life, or reference to Plaintiff's sex life or manner of dress. The Court excluded any reference to clothing or physical appearance. As to the other issues the Court took the motion under advisement and will take up the issue at the teleconference on September 9, 2020.

8. Settlement Discussions or References to Mediation or Conciliation. The Court granted the motion.

<u>Defendants' motion in limine, Doc. 50</u>:

1. Evidence relating to her claims pending in the Pettis County case. The Court took the motion under advisement and will take this issue up at the teleconference on September 9, 2020.

2. Evidence of Alleged Harassment and Discrimination. The Court took the motion under advisement and will take this issue up at the teleconference on September 9, 2020.

3. Evidence of Alleged Racist Comments. The Court granted the motion.

4. Lay Opinion Testimony that her work caused physical injury or disability. The Court denied the motion as it relates to her statements that "I had pain as a result of doing this and didn't have pain before."

5. Evidence regarding a letter from the Missouri Division of Employment Security regarding the reason for Plaintiff's discharge. The Court granted the motion.

6. Hearsay, Opinions, and Conclusion. The Court granted the motion as to the hearsay statements of other workers and denied the motion as it relates to her beliefs that Maxion retaliated against her. The Court will permit the statement regarding Maxion wanting plaintiff gone.

**Other Issues**

Mr. Meyers stated that Mike Lewis is listed on the Plaintiff's witness list, however, they have lost contact with Mr. Lewis and they are trying to locate him. Mr. Meyers requested leave to utilize an iPad to present exhibits to the Court and Defendant. The Court will permit this method however, counsel must have a backup procedure if this does not work.

Mr. Sullivan stated they have lost contact with witness Matthew Diedrich and he may be difficult to subpoena.

Court Reporter: Katie Wirt
Courtroom Deputy: Renea Matthes Mitra